# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS COUSINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0224-CVE-TLW |
| | ) | |
| JENNIE LYNN LLOYD, | ) | |
| a/k/a Jennie O'Shansky, | ) | |
| URBAN TULSA WEEKLY, | ) | |
| TODD EVANS, and | ) | |
| CITY OF TULSA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Consolidation of Cases (Dkt. # 7). On March 15, 2012, plaintiff filed this case against Jennie Lynn Lloyd, Urban Tulsa Weekly, Todd Evans, and the City of Tulsa (the City) alleging state law claims of libel, slander, and intentional infliction of emotional distress. Plaintiff claims that Lloyd, a writer for Urban Tulsa Weekly, wrote and published an article called "It's Easy Out There to Be a Pimp," and a City employee, Todd Evans of the Tulsa Police Department, was quoted in the article. Dkt. # 2, at 9-10. On March 22, 2012, plaintiff filed a second case alleging that the City enacted an unconstitutional ordinance concerning the operation of massage parlors, and he sought a declaratory judgment that the ordinance violated the United States Constitution. Dennis Cousino v. City of Tulsa, 12-CV-223-CVE-TLW  The City removed both cases to this Court, and it asks the Court to consolidate the cases.

Before reaching the issue of consolidation, the Court must determine if it has subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction, and there is a

presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party seeking to invoke federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The notice of removal states that the Court has jurisdiction under 28 U.S.C. § 1331 because Evans intends to assert a defense under the First Amendment to the United States Constitution. Dkt. # 2, at 1. The federal question statute confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation

Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). The "well-pleaded complaint rule" requires that the complaint itself present the federal question, rather than an anticipated defense. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction"); Constr. Laborers Vacation Trust, 463 U.S. at 10 ("a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise").

The Court has reviewed plaintiff's petition and it is clear that this case should be remanded to state court for lack of subject matter jurisdiction. Plaintiff's petition asserts claims solely under state law and there is no federal question raised in the petition. The sole basis for removal was that Evans intends to raise a defense based on the First Amendment to the United States Constitution. The law is clearly established that federal jurisdiction under § 1331 may not be based on a federal defense to state law claims, and this case was improperly removed to this Court. As the Court lacks jurisdiction over this case, defendant's motion to consolidate this case with Case No. 12-CV-223-CVE-TLW is moot.

**IT IS THEREFORE ORDERED** that the Court Clerk is directed to remand this case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that defendant's Motion for Consolidation of Cases (Dkt. # 7) is **moot**.

**DATED** this 19th day of April, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE